PER CURIAM *.
Respondent, Thomas L. Smith, on two separate occasions withheld clients’ funds from settlements for the payment of outstanding medical bills. On the first occasion, he withheld $895 for payment of the client’s bills; on the second occasion, $7,768.95. Smith neither maintained these funds in a proper client trust account, nor paid the medical providers until after being contacted by the Louisiana State Bar Association regarding the first client’s complaint.
In answering these two complaints, Smith basically admitted the factual allegations, but denied the legal allegations that he converted his clients’ funds to his own use.
Agreeing with Smith, the Hearing Committee determined that Smith’s conduct resulted from gross neglect, as opposed to any intent to permanently misappropriate the funds to his own use. Finding that Smith was sincere in his intent to never mishandle client funds again and that he was genuinely contrite, and noting that this was his first unethical conduct complaint, the Committee recommended that Smith be suspended for nine months, followed by an eighteen month probation period. To assure that Smith properly maintain a client trust account upon resuming practice, the Committee recommended a form of creative discipline; it recommended that during the eighteen month probation period, Smith be required to employ a certified public accountant to perform monthly audits of his trust account.
Disagreeing with Smith and the Committee, the Disciplinary Board determined that Smith’s conduct constituted conversion per se under Louisiana State Bar Association v. Krasnoff, 515 So.2d 780 (La.1987), as that case does not require an intent to permanently misappropriate client funds for conduct to constitute conversion. The Board thus recommended that Smith be suspended for two years, with one year being served and the other deferred. While adopting the Committee’s suggested creative discipline, the Board modified it somewhat, recommending that during the one year probation period, Smith be required to hire a certified public accountant to perform quarterly audits of his trust account.
Respondent timely objected to the Board’s recommendation. The parties agreed to submit this matter without oral argument.
Having carefully reviewed the record, we find that given Smith’s lack of a prior disciplinary record, his remorsefulness and his restitution to third parties, the appropriate disciplinary sanction lies in between the Board’s and the Committee’s recommendations. The two year suspension recommended by the Board would require a petition for reinstatement and compliance with the procedure set forth in Section 24 of Rule 19; whereas, suspension for one year allows *477 immediate reinstatement at the end of the period upon compliance with only minimal requirements.
Accordingly, we order that respondent, Thomas L. Smith, be suspended for a period of one year, followed by a one year probation period. Adopting the Board’s recommended creative discipline, we further order that during the one year probation period, Smith be required to hire a certified public accountant, acceptable to Disciplinary Counsel, to perform quarterly audits of his trust account and to file written reports of the audits with Disciplinary Counsel within fifteen days of the audit being completed. We assess all costs of this proceeding to respondent, Smith.

 Pursuant to Rule IV, Part 2, § 3, Ortique, J., was not on the panel which decided this case.